Kennon J.
The Caldwells had brought an action of replevin to recover some wheat which had been cut down and put in shock by Youmans, upon a tract of land leased to Youmans by the Caldwells, at the yearly rent of two hundred dollars and taxqs. The wheat in ■controversy had been sown, and was growing on the land, at the time the lease was made to Youmans. There was *about fifteen or sixteen acres of the wheat, making about 225 or 230 ■bushels. Youmans claimed the wheat by virtue of his lease, and *77 the Caldwells claimed that it belonged to them, and was reserved'; when the lease was executed. The lease contained no express reservation of the wheat.
The question of title to the wheat was, therefore, the matter in controversy. The Caldwells recovered in the court of common pleas, and upon writ of error, the district court affirmed the judgment of the common pleas.
This petition was filed to reverse the judgment of the district-court.
Upon the trial of the case in the court of common pleas, the Caldwells gave in evidence their title to the land upon which the wheat grow, and rested. Youmans gave in evidence his lease to the land, bearing date prior to the time of cutting the wheat, and that he-had gone into possession of the farm on the first of April preceding-the harvest at which the wheat was cut. The Caldwells then gave evidence that the wheat was growing on the ground when the lease was made, and offered to prove that the wheat was reserved when they made the lease. To this evidence Youmans objected, but the court overruled the objection and admitted the evidence. To this-ruling of the court Youmans excepted, and procured his bill of exceptions to be signed by the court. Youmans had filed a special plea, setting forth that before the suit was brought, the Caldwellshad brought an action of trespass for the identical cause of action for which the action of replevin had been prosecuted; that, upon the trial of the trespass, judgment had been rendered against the-said Caldwells, and that the judgment so rendered was still in full force.' The trial of the trespass was before a justice of the peace.
On the trial of the action of replevin in the common pleas, the issues were submitted to the court; one of which issues was, whether-the cause of action was the same in the trespass and replevin suits.
*To support the issue on the part of Youmans, he gave in. evidence the transcript of the judgment before the justice, which of itself did not show that the same points wore in issue in both, cases; but Youmans offered to the court parol evidence to show that the identical same matter tried before the justice and then determined, was thqt in issue in the action of replevin. The court, however, found that the said supposed action of trespass in said plea mentioned, was not for the same identical cause of action as in said declaration mentioned. The finding is in these words: “And the court do further find, that the said supposed action of tres *78 pass in said defendant’s plea mentioned, was not for the same identical cause of action as in said declaration mentioned, and the judgment in said action of trespass mentioned, was not- upon, or for the same cause of action as in said declaration mentioned.”
Judgment was rendered for the plaintiffs, and the defendant moved for a new trial for the reasons: 1. That the court erred in overruling the objection made by the defendant to the evidence offered by the plaintiffs to vary or explain the written agreement; 2, In finding that the plaintiffs were not barred by said action of trespass so decided against them; and, 3. The court erred in not non-suiting the plaintiffs.
This motion was overruled by the court of common pleas. To-this opinion of the court of common pleas the defendant also excepted.
The bill of exceptions, among other things, states that the defendant “ gave evidence ” of certain facts (named in the bill of exceptions) which, if satisfactorily proved to the court, might have been a bar to the plaintiffs’ right of recovery.
The questions, therefore, presented on this record are : 1. Should the court have nonsuited the plaintiffs ? 2. Did the court err in not finding that the facts proved showed that the action of trespass- and replevin, were for the same identical cause of action ? 3. Did the court err in admitting the plaintiffs to prove that the-*wheat was sown before the lease was made, and that the plaintiffs, by parol, reserved the wheat to themselves?
As to the first question, it can not be seriously claimed that the plaintiffs, after proving title in themselves to the land, and that the-wheat grew upon that land, ought to have been nonsuited. The plaintiffs made a prima facie case for recovery, and therefore, the court did not err in refusing to nonsuit them.
As to the second question, we are, from the bill of exceptions, unable to say whether the court ought to have found the facts differently or not. Had the finding been by a jury, negativing the facts-in the special plea, and a motion had been made to the coui’t to set aside the verdict because it was against the evidence, and the court, had overruled that motion, a court of error could not have said that the court erred, unless all the evidence which the jury had before them, had been fully set out, that we might judge whether the-verdict was decidedly against the weight of the evidence. It would not do to that evidence was given to the jury of such, *79 facts. The jury may or may not have believed the evidence, and in this respect it makes no difference whether the issue was found by the jury or by the court. If all the testimony had been set out, or if it appeared that the facts outside of the justice’s record had been proved, showing that it was for the identical same cause of action as that on trial, a different case would have been presented; but when the hill of exceptions only shows that evidence was given to the court of these facts, and the court expressly find that the facts stated in the plea of estoppel are not true, there is no ground for this court to say that the parol evidence proved that the two causes of action were the same. We are therefore of opinion that in this particular, the district court did not err in refusing to reverse the judgment of the common pleas.
The remaining is a very important question, and one which this court, at its present term, fully considered in the case of Baker v. Jordan. In that case, Jordan purchased of Baker a *farm; Baker, a few days after the parol contract for the sale of the farm, executed a deed to Baker for the land, without any reservation of the crops. There was, at the time of the execution of the deed, about seventy acres of corn growing on the land, which, by express agreement, was to belong to the grantor, and not the grantee in the deed ; it was by parol reserved, and the question was whether that fact could be proved in an action by the grantor for the corn; or whether such proof would not vary or contradict the deed itself. In that case the court held that such evidence was admissible. A growing crop may or may not be a part of the realty. It may be sold without writing, and the title pass; it may be levied upon by execution as personal property, and in certain cases passes to the administrator.
By the deed the realty passed, and prima facie the corn was realty; if so, it passed; but if, before the execution of the deed, the parties themselves so separated the land from the corn as to constitute it personalty, it would not pass by the deed; and therefore full effect was given to the deed without including the corn. 3 Ohio St. 438.
In the case now before this court we regard the paper given in evidence by Youmans, as a lease creating in him a lien for years, an •interest or estate in the land itself, which could not be created or pass without writing. The wheat would pass by a mere parol contract, and the lessee by the lease acquired, such an interest in the •land by the lease as would prima facie have passed to him this *80 growing wheat; but it passed only because it might be and generally is considered as a part of the realty. But if the parties, by agreement before or at the time of making the lease, reserved the wheat, that agreement had the effect, as between the- lessors and the lessee, to convert the wheat into personalty; and therefore the wheat did not, in fact, pass by the lease, so that the lease may have its full effect in passing the realty without passing the wheat. We hold the effect of reserving the growing crop to be, that the parties themselves have, without writing, agreed to convert it *into personalty, and it so remains, and does not therefore pass by the deed creating an interest in the land. We are, therefore, of opinion that the district court did not err in refusing to reverse the judgment of the common pleas.

The judgment of the district court affirmed.